UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAN ADAMS,<br><br>                   Plaintiff,<br><br>     v.<br><br>VELOCITY COMMERCIAL CAPITAL, LLC,<br><br>                   Defendant. | Case No. 2:25-cv-04291-SRM-RAO<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT TRANSFER THE CASE FOR IMPROPER VENUE** |

      On May 9, 2025, Plaintiff Saran Adams, appearing *pro se*, initiated this lawsuit seeking declaratory and injunctive relief regarding real property located at 6410 Paris Street, Houston, Texas 77021. Dkt. 1 ("Compl.") ¶¶3.1, 6. Plaintiff Adams alleges that Defendant Velocity Commercial Capital, LLC ("Velocity") engaged in an unauthorized securitization of Plaintiff's mortgage, concealed material facts, and violated federal disclosure requirements. *Id*. ¶5.1-5.4. Plaintiff states that this Court has federal jurisdiction over the action because she brings claims under the Declaratory Judgment Act, 28 U.S.C. § 2201; the Truth in Lending Act, 15 U.S.C. § 1601; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. *Id*. ¶2.1. However, the Court notes that Plaintiff also brings claims for fraud under California Civil Code § 1572 and common law conversion but does not assert that the Court has supplemental jurisdiction over these

claims. *Id*. Plaintiff asserts that venue in this district is proper under 28 U.S.C. Section 1391(b) because Defendant Velocity is headquartered in Westlake Village, California, and a substantial part of the events or omissions giving rise to the claims occurred in this district. *Id*. ¶2.2

Section 1391(b) provides that venue in a civil case may be proper in a district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1). Where a defendant is an entity, whether or not incorporated, it shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. § 1391(c)(2).

Under 28 U.S.C. Section 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) "partially displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In passing Section 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). "A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue." *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1242 (S.D. Cal. 2013) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Here, Plaintiff Adams alleges that she is a resident of Texas, the property at issue is located in Texas, and that foreclosure proceedings were initiated on the property. Compl.

¶¶3.1, 5.4. The Complaint also alleges that a recorded lis pendens on the property was issued in Harris County, Texas. *Id*. at 3. In her declaration in support of her Motion for a Preliminary Injunction, which the Court has denied, Plaintiff Adams alleges that Defendant Velocity allegedly is attempting to foreclose on the property in Texas. Dkt. 12 ¶3; *see* Dkt. 20. Plaintiff also asserts that on December 3, 2024, the 129th District Court of Harris County, Texas, issued a temporary restraining order in her favor, Case No. 2024-58431, which "halt[ed] the last known foreclosure attempt." Dkt. 12 ¶5. Thus, it appears that a "substantial part of the events" giving rise to Plaintiff's claims arose in Texas. *See* 28 U.S.C. § 1391(b)(2). Although neither party has thus far contested that the Central District of California is the proper venue to hear Plaintiff's claims, Texas appears to be the appropriate forum.

      Accordingly, for the reasons stated above, the Parties are hereby **ORDERED TO SHOW CAUSE** in writing on or before November 15, 2025 as to why the instant action should not be transferred to United States District Court for the Southern District of Texas pursuant to 28 U.S.C. Section 1404.

      **IT IS SO ORDERED.**

Dated: October 30, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-